**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM J. HUNTER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:15-CV-0807-G-BK** |
| | § | |
| **JOHN EAGLE DEALERSHIP, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this action was automatically referred to the United States Magistrate Judge.  Plaintiff filed this *pro se* employment discrimination complaint under Title VII against his former employer, John Eagle Dealership and John Eagle Honda, and Sales Managers Chris George, Benny Franklin and Max Mediz. Doc. 3 at 1-2.  The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, it is recommended that the District Court dismiss the claims against the individual Defendants with prejudice.

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff has only pleaded claims under Title VII.  However, "individuals are not liable under Title VII in either their individual or official capacities."  *Ackel v. Nat'l Commc'ns, Inc.*, *339 F.3d 376, 382 n. 1 (5th Cir. 2003)*; *see also Smith v. Amedisys, Inc.*, *298 F.3d 434, 448 (5th Cir. 2002)* ("This circuit has held that there is no individual liability for employees under Title VII.").  Therefore, all claims against the individual Defendants lack an arguable basis in law and should be dismissed with prejudice as frivolous.

For the foregoing reasons, it is recommended that all claims against Defendants Chris George, Benny Franklin and Max Mediz be **DISMISSED with prejudice as frivolous unless Plaintiff amends his complaint**, **within 14 days of the date of this recommendation**, to allege a viable claim against one or more of said Defendants.  *See* 28 U.S.C. § 1915(e)(2)(B); Brewster v. Dretke, 587 F.3d 764, 767-768 (5th Cir. 2009) (ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal).[1]

SIGNED April 24, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Contemporaneously with this recommendation, the Court issued process on the remaining entity Defendants.

2

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE